ESTADO LIBRE ASOCIADO DE PUERTO RICO
EN EL TRIBUNAL DE APELACIONES
PANEL III

| | | |
|---|---|---|
| MARÍA ISABEL SILVA LÓPEZ<br><br>Recurrido<br><br>v.<br><br>HOSPITAL MENONITA CAGUAS, INC.<br><br>Peticionarios | **KLCE202301375** | *CERTIORARI* procedente del Tribunal de Primera Instancia Sala Superior de San Juan<br><br>Civil Núm.: SJ2023CV03387<br><br>Sobre: Despido Injustificado |

Panel integrado por su presidente, el Juez Figueroa Cabán, el Juez Bonilla Ortiz y la Jueza Mateu Meléndez.

Bonilla Ortiz, Juez Ponente

### RESOLUCIÓN

En San Juan, Puerto Rico a 22 de enero de 2024.

Comparece ante este foro el Hospital Menonita Caguas, Inc. (Hospital Menonita o "parte peticionaria") y nos solicita que revisemos una *Resolución* emitida por el Tribunal de Primera Instancia, Sala Superior de San Juan. Mediante esta, el foro primario declaró *No Ha Lugar* a la solicitud para extender el descubrimiento de prueba, presentada por la parte peticionaria.

Por los fundamentos que se exponen a continuación, **DENEGAMOS** el *certiorari* solicitado.

### I.

El 21 de abril de 2023, la Sra. María Isabel Silva López (señora Silva o "la recurrida") presentó una *Querella* por despido injustificado y represalias, al amparo del procedimiento sumario dispuesto en la Ley Núm. 2 del 17 de octubre de 1961, según enmendada, 32 LPRA sec. 3118 *et seq.*, en contra del Hospital Menonita.[1]

---

[1] *Querella*, anejo I, págs. 1-8 del apéndice del recurso. El 5 de junio de 2023, el foro primario declaró *Ha Lugar* la conversión de

Número Identificador

RES2023 _____

En esencia, alegó que no renunció a su empleo de manera voluntaria, por el contrario, fue forzada a renunciar por la conducta hostil del patrono. Por consiguiente, sostuvo que fue despedida injustificadamente, así como por represalias. Como remedio, solicitó una indemnización no menor a $200,000.00.

Por su parte, el 12 de mayo de 2023, Hospital Menonita contestó la querella.[2] En lo pertinente, expresó que la señora Silva no fue despedida, sino que renunció voluntariamente. A su vez, sostuvo que la recurrida nunca presentó alegaciones o quejas de acoso laboral. Por tanto, solicitaron que se declarara sin lugar la *Querella*.

Luego de varias incidencias procesales, el 5 de junio de 2023, el foro primario emitió una *Orden – Informe al amparo de la Regla 37.1 de Procedimiento Civil*.[3] En relación a dicha orden, expresó lo siguiente:

> Se apercibe que la Parte G del Informe, "Itinerario para el Descubrimiento de Prueba", debe ser completada en su totalidad y se deberá desprender del mismo un calendario completo del descubrimiento de prueba propuesto por las partes para ser evaluado por el Tribunal. De lo contrario, el Informe se catalogará como "no puesto o presentado". La responsabilidad de presentar el Informe es solidaria y el incumplimiento con este requerimiento resultará en una sanción automática de $150.00 a cada parte, a favor del Fondo Especial del Poder Judicial de Puerto Rico. El Informe debe ser radicado íntegramente por todas las partes, no se admitirán informes presentados por parte o por separado.

Así las cosas, el 13 de julio de 2023, las partes presentaron el *Informe Manejo del Caso*, en el cual

---

los procedimientos a ordinarios. Véase, anejo VI, pág. 24 del apéndice del recurso.
[2] *Contestación a la Querella*, anejo II, págs. 9-16 del apéndice del recurso.
[3] *Orden – Informe al amparo de la Regla 37.1 de Procedimiento Civil*, anejo V, págs. 21-23 del apéndice del recurso.

establecieron como fecha límite para concluir el descubrimiento de prueba el 30 de octubre de 2023.[4]

Por consiguiente, el 3 de agosto de 2023, el foro primario notificó una *Orden de Calendarización del Caso y Orden Permanente*.[5] Mediante esta, determinó que el descubrimiento de prueba concluiría el 2 de octubre de 2023, y que, a partir de dicha fecha las partes contarían con 30 días para presentar mociones dispositivas, si fueran necesarias. A su vez, dispuso que las solicitudes de prórroga debían cumplir con la Regla 6.6 de Procedimiento Civil.

El 20 de octubre de 2023, el Hospital Menonita presentó *Moción Solicitando Extensión del Término para Completar el Descubrimiento de Prueba y Presentar Mociones Dispositivas*.[6] En la aludida moción esbozó que las partes habían establecido que el descubrimiento de prueba terminaría el 30 de octubre de 2023, mientras que el foro primario dispuso hasta el 2 de octubre de 2023. Sin embargo, solicitaron un término adicional para poder completar el descubrimiento de prueba, puesto que han tenido inconvenientes y no han podido culminarlo.

Por su parte, el 23 de octubre de 2023, la señora Silva presentó *Oposición a Solicitud de Extensión de Descubrimiento de Prueba y Solicitud de Orden Protectora*.[7] En esencia, sostuvo que la parte peticionaria dejó vencer el término para descubrir prueba, sin solicitar una extensión.

---

[4] *Informe Manejo del Caso*, anejo XI, págs. 27-36 del apéndice del recurso.
[5] *Orden de Calendarización del Caso y Orden Permanente*, anejo XIII, págs. 38-39 del apéndice del recurso.
[6] *Moción Solicitando Extensión del Término para Completar el Descubrimiento de Prueba y Presentar Mociones Dispositivas*, anejo XIV, págs. 40-49 del apéndice del recurso.
[7] *Oposición a Solicitud de Extensión de Descubrimiento de Prueba y Solicitud de Orden Protectora*, anejo XV, págs. 51-54 del apéndice del recurso.

El 25 de octubre de 2023, el foro primario notificó una *Orden*, mediante la cual denegó la solicitud para extender el descubrimiento de prueba, al presentarlo tardíamente.[8]

Inconforme, el 27 de octubre de 2023, Hospital Menonita solicitó reconsideración.[9] Señaló que, el descubrimiento de prueba no ha sido opresivo, al contrario, alegó que se encontraban en un estado de indefensión. Por lo tanto, solicitó que se le permitiera hacer un descubrimiento adicional sobre evidencia descubierta después de la deposición a la señora Silva.

El 31 de octubre de 2023, la recurrida presentó *Oposición a Moción de Reconsideración*.[10] En síntesis, señaló que la parte peticionaria no fundamentó su pedido en derecho, ni expuso hechos nuevos que permitan modificar la *Orden* emitida por el foro de instancia. El 6 de noviembre de 2023, Hospital Menonita presentó su *Réplica a Oposición a Moción de Reconsideración*.[11]

Evaluados los argumentos de las partes, el 7 de noviembre de 2023, el foro primario notificó una *Resolución*, y dispuso lo siguiente:[12]

> A la solicitud de reconsideración se provee: No Ha Lugar. La prórroga fue denegada porque fue solicitada tardíamente y sin causa justificada.
>
> La orden de calendarización claramente establece que la fecha límite para completar el descubrimiento de prueba era el 2 de octubre de 2023.

---

[8] *Orden*, anejo XVI, pág. 55 del apéndice del recurso.
[9] *Moción de Reconsideración*, anejo XVII, págs. 56-59 del apéndice del recurso.
[10] *Oposición a Moción de Reconsideración*, anejo XVIII, págs. 60-63 del apéndice del recurso.
[11] *Réplica a Oposición a Moción de Reconsideración*, anejo XIX, págs. 64-70 del apéndice del recurso.
[12] Resolución, anejo XXIII, págs. 74-75 del apéndice del recurso.

Todavía inconforme, el 6 de diciembre de 2023, el Hospital Menonita presentó el *Certiorari Civil* que nos ocupa, y en el cual planteó que el foro primario cometió los siguientes errores:

> PRIMER ERROR: ERRÓ EL TRIBUNAL DE PRIMERA INSTANCIA AL DENEGAR LA MOCIÓN SOLICITANDO EXTENSIÓN DEL TÉRMINO PARA COMPLETAR EL DESCUBRIMIENTO DE PRUEBA Y PRESENTAR MOCIONES DISPOSITIVAS.

> SEGUNDO ERROR: ERRÓ EL TRIBUNAL DE PRIMERA INSTANCIA AL DENEGAR LA MOCIÓN DE RECONSIDERACIÓN DE LA PETICIONARIA.

> TERCER ERROR: ERRÓ EL TRIBUNAL DE PRIMERA INSTANCIA AL NEGARSE A CONSIDERAR LA RÉPLICA A OPOSICIÓN A MOCIÓN DE RECONSIDERACIÓN DE LA PARTE PETICIONARIA.

El 14 de diciembre de 2023, emitimos una *Resolución*. Mediante esta, le concedimos a la recurrida quince (15) días para oponerse y expresarse sobre los méritos del recurso.

El 29 de diciembre de 2023, la señora Silva compareció mediante *Oposición a Petición de Certiorari*.

Con el beneficio de la comparecencia de ambas partes, procedemos a disponer del recurso de epígrafe.

**II.**

**A.**

La Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1, delimita las instancias en que el Tribunal de Apelaciones expedirá un recurso de *certiorari* para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia. Es decir, cuando "se recurra de una resolución u orden bajo las Reglas 56 y 57 o de la denegatoria de una moción de carácter dispositivo." Regla 52.1 de Procedimiento Civil, *supra*.

Asimismo, dispone los supuestos en que este foro intermedio podrá revisarlas, con carácter discrecional y a manera de excepción, en las siguientes instancias:

> [C]uando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia.

Por su parte, la Regla 40 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 40, establece los criterios que este foro debe tomar en consideración al atender una solicitud de expedición de este recurso discrecional; a saber:

> (A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.
>
> (B) Si la situación de hechos planteada es la más indicada para el análisis del problema.
>
> (C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.
>
> (D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.
>
> (E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.
>
> (F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.
>
> (G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia. Regla 40 del Reglamento del Tribunal de Apelaciones, *supra*.

**-B-**

Nuestro Tribunal Supremo ha sido enfático en que los foros revisores "no debemos intervenir con las determinaciones de los juzgadores de primera instancia, salvo que medie pasión, prejuicio, parcialidad o error manifiesto." *Rodríguez et al. v. Hospital et al.*, 186 DPR 889, 908-909 (2012); *Serrano Muñoz v. Auxilio Mutuo*, 171 DPR 717, 741 (2007); *Álvarez v. Rivera*, 165 DPR 1, 25 (2005). Sin embargo, es preciso reseñar que nuestro más Alto Foro también ha reconocido que "la tarea de determinar cuándo un tribunal ha abusado de su discreción no es una fácil." *SLG Zapata-Rivera v. J.F. Montalvo,* 189 DPR 414, 434 (2013), citando a *Rivera y otros v. Bco. Popular,* 152 DPR 140, 155 (2000). A tales efectos, ha manifestado considerar "que el adecuado ejercicio de discreción judicial está estrechamente relacionado con el concepto de razonabilidad." *SLG Zapata-Rivera v. J.F. Montalvo*, supra, págs. 434-435.

Así, el Tribunal Supremo de Puerto Rico define el concepto de "discreción" como "una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justiciera." *IG Builders et al. v. BBVAPR*, 185 DPR 307, 338 (2012), citando a *Pueblo v. Rivera Santiago*, 176 DPR 559, 580 (2009), entre otros. De esa manera, la discreción se nutre de "un juicio racional apoyado en la razonabilidad y fundamentado en un sentido llano de justicia […]." *SLG Zapata-Rivera v. J.F. Montalvo*, supra, pág. 435, citando a *Santa Aponte v. Srio. del Senado*, 105 DPR 750, 770 (1977).

**-C-**

La Ley Núm. 2 de 17 de octubre de 1961, conocida

como Ley de Procedimiento Sumario de Reclamaciones Laborales, 32 LPRA sec. 3118 et seq. (Ley Núm. 2) instituye un procedimiento sumario de adjudicación de pleitos laborales dirigido a la rápida consideración y adjudicación de aquellas reclamaciones de empleados contra sus patronos relativas a salarios, beneficios y derechos laborales. Es por ello que ciertas disposiciones estatuidas en la aludida ley son más favorables al obrero que al patrono. *Rivera v. Insular Wire Products Corp.*, 140 DPR 912, 922 (1996). De ahí que se le imponga una carga procesal más onerosa a la parte con mayores medios económicos, el patrono, sin privarle de poder defender sus derechos. Íd., pág. 924. De esta forma, el legislador implantó la política pública estatal de proteger a los empleados y desalentar los despidos sin justa causa.

En nuestro ordenamiento se ha reconocido que la naturaleza sumaria de este procedimiento responde a la política pública de "abreviar el procedimiento de forma que sea lo menos oneroso posible para el obrero". *Dávila, Rivera v. Antilles Shipping, Inc.*, 147 DPR 483, 492 (1999). A fin de lograr la consecución de dichos propósitos, la Ley establece: (1) términos cortos para presentar la contestación de la querella o demanda; (2) criterios para conceder una sola prórroga para la contestación de la querella o demanda; (3) un mecanismo para diligenciar el emplazamiento del patrono; (4) el proceso para presentar defensas y objeciones; (5) límites a la utilización de los mecanismos de descubrimiento de prueba; (6) la aplicabilidad limitada de las Reglas de Procedimiento Civil en todo aquello que no esté en conflicto con el procedimiento sumario; (7)

que ninguna de las partes pueda someter más de un interrogatorio o deposición, ni tomar una deposición a la otra parte después de haber sometido un interrogatorio ni viceversa, excepto cuando concurran circunstancias excepcionales; y, (8) la obligación de los tribunales de emitir sentencia en rebeldía cuando el patrono incumple con el término para contestar la querella o demanda. *Vizcarrondo v. MVM, Inc. et al.*, 174 DPR 921 (2008).

Cónsono con lo anterior, solo se ha permitido que este Tribunal revise resoluciones interlocutorias provenientes de un procedimiento sumario al amparo de la referida ley cuando dicha resolución sea dictada sin jurisdicción, de forma ultra vires o en casos extremos en los cuales los fines de la justicia requieran la intervención de este Tribunal. *Dávila, Rivera v. Antilles Shipping, Inc., supra*, pág. 498.

La razón de ser de la norma general de abstención es evitar dilaciones que normalmente las revisiones de determinaciones interlocutorias conllevan, lo que precisamente derrotaría el fin perseguido por el procedimiento sumario. *Dávila, Rivera v. Antilles Shipping, Inc., supra, pág. 498; Medina Nazario v. McNeill Healthcare LLC*, 194 DPR 723 (2016).

Ahora bien, el Tribunal Supremo ha enfatizado que "el procedimiento sumario, no es, ni puede ser, una carta en blanco para la concesión de remedios a obreros que no han justificado adecuadamente, mediante alegaciones o prueba, hechos que avalen, su derecho a lo reclamado". *Rivera v. Insular Wire Products Corp., supra*, pág. 928. Asimismo, se ha determinado que el carácter reparador y expedito del procedimiento sumario no puede tener el

efecto de privar al patrono querellado de un debido proceso de ley. Lucero v. San Juan Star, 159 DPR 494, 516-517 (2003).

### III.

En el presente caso, el Hospital Menonita solicitó que revisáramos la *Resolución* emitida por el foro primario, mediante la cual denegó extender el término para el descubrimiento de prueba al haber sido solicitado tardíamente, y sin causa justificada. Sin embargo, expresan que fueron diligentes en el descubrimiento de prueba, y el retraso se debió a que la señora Silva omitió información.

Es preciso recordar que, según dicta la norma, procede nuestra abstención cuando consideremos que no es el momento adecuado para intervenir con el manejo de un caso por parte del foro primario. Por lo tanto, como bien lo ha interpretado nuestro Tribunal Supremo, la discreción a la hora de actuar debe estar regida por su estrecha relación con el concepto de razonabilidad. Esta doctrina de abstención es aún mucho más importante y restrictiva en casos de querellas laborales, como el presente caso. *Dávila, Rivera v. Antilles Shipping, Inc., supra*, pág. 498.

Así las cosas, luego de evaluar el recurso de autos, y la *Resolución* recurrida, conforme al derecho aplicable, rechazamos ejercer nuestra jurisdicción revisora para intervenir y variar el dictamen recurrido. El caso de autos no plantea una controversia que represente alguna de las excepciones anteriormente mencionada a la norma general esbozada sobre abstención judicial. Por lo tanto, concluimos que el asunto aquí

revisado no requiere nuestra intervención en este momento.

**IV.**

Por los fundamentos, antes expuestos **DENEGAMOS** el auto de *certiorari*.

Lo pronunció y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones